UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SORAYA MARIA RIGOR,<br><br>Plaintiff,<br><br>v.<br><br>CALIFORNIA STATE UNIVERSITY SACRAMENTO, et al.,<br><br>Defendants. | No. 2:20-cv-00394 JAM AC PS<br><br><u>ORDER AND FINDINGS AND RECOMMENDATIONS</u> |

Plaintiff is proceeding in this action pro se. This matter was accordingly referred to the undersigned by Local Rule 302(c)(21). Plaintiff has filed a request for leave to proceed in forma pauperis ("IFP"), and has submitted the affidavit required by that statute. <u>See</u> 28 U.S.C. § 1915(a)(1). The motion to proceed IFP will therefore be granted.

I. SCREENING

The federal IFP statute requires federal courts to dismiss a case if the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2).

Under the Federal Rules of Civil Procedure, the complaint must contain (1) a "short and plain statement" of the basis for federal jurisdiction (that is, the reason the case is filed in this court, rather than in a state court), (2) a short and plain statement showing that plaintiff is entitled

1

to relief (that is, who harmed the plaintiff, and in what way), and (3) a demand for the relief sought. Fed. R. Civ. P. 8(a). Plaintiff's claims must be set forth simply, concisely and directly. Fed. R. Civ. P. 8(d)(1).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989). In reviewing a complaint under this standard, the court will (1) accept as true all of the factual allegations contained in the complaint, unless they are clearly baseless or fanciful, (2) construe those allegations in the light most favorable to the plaintiff, and (3) resolve all doubts in the plaintiff's favor. See Neitzke, 490 U.S. at 327; Von Saher v. Norton Simon Museum of Art at Pasadena, 592 F.3d 954, 960 (9th Cir. 2010), cert. denied, 564 U.S. 1037 (2011).

The court applies the same rules of construction in determining whether the complaint states a claim on which relief can be granted. Erickson v. Pardus, 551 U.S. 89, 94 (2007) (court must accept the allegations as true); Scheuer v. Rhodes, 416 U.S. 232, 236 (1974) (court must construe the complaint in the light most favorable to the plaintiff). Pro se pleadings are held to a less stringent standard than those drafted by lawyers. Haines v. Kerner, 404 U.S. 519, 520 (1972). However, the court need not accept as true conclusory allegations, unreasonable inferences, or unwarranted deductions of fact. Western Mining Council v. Watt, 643 F.2d 618, 624 (9th Cir. 1981). A formulaic recitation of the elements of a cause of action does not suffice to state a claim. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-57 (2007); Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

To state a claim on which relief may be granted, the plaintiff must allege enough facts "to state a claim to relief that is plausible on its face." Twombly, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678. A pro se litigant is entitled to notice of the deficiencies in the complaint and an opportunity to amend, unless the complaint's deficiencies could not be cured by amendment. See Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir. 1987), superseded on other grounds by statute as stated in Lopez v. Smith, 203 F.3d 1122 (9th Cir.2000)) (en banc).

A. The Complaint

Plaintiff brings suit for "infringement of ideas of its student body" and discrimination against California State University Sacramento ("CSUS") and Dale Carlson. ECF No. 1 at 4-6. Plaintiff's complaint stems from events that happened at "Global Entrepreneurship Week 2018." Id. at 5. Plaintiff alleges that officials at CSUS changed the regular photo release to include a release of ideas and concepts without permission, violating the rights of its student body. Id.

Plaintiff filed a very similar case on April 15, 2019. Rigor v. California State University of Sacramento, et al., 2:19-cv-00633 KJM AC ("Rigor I"). This case was also based on alleged infringements arising from "Global Entrepreneurship Week 2018." Rigor I at ECF No. 12 at 5 (Amended Complaint). Plaintiff was granted leave to proceed IFP in Rigor I, and the complaint was twice rejected on screening, with leave to amend. Rigor I at ECF Nos. 3 and 6. Plaintiff ultimately failed to timely file a second amended complaint, and the case was dismissed without prejudice for failure to prosecute. Rigor I at ECF Nos. 10, 11. Plaintiff attempted to file a second amended complaint in the closed case, but the filing was refused. Rigor I at ECF Nos. 12, 13. Plaintiff subsequently filed this case.

B. Analysis

In its current form, plaintiff's complaint fails to state a claim upon which relief can be granted owing to several deficiencies. 28 U.S.C. § 1915(e)(2)(B)(ii). First, it is unclear from the complaint whether plaintiff is the owner of any intellectual property at issue, and whether plaintiff intends to bring a complaint on behalf of the "student body." To the extent plaintiff—a non-lawyer—attempts to bring a *pro se* action on behalf of other students, the action must be dismissed. See D-Beam Ltd. P'ship v. Roller Derby Skates, Inc., 366 F.3d 972, 973–74 (9th Cir. 2004) ("It is a longstanding rule that corporations and other unincorporated associations must appear in court through an attorney.") (internal quotation marks and alterations omitted).

Second, although plaintiff does not use the term "copyright infringement," the nature of plaintiff's reference to unpermitted use of ideas and concepts amounts to a copyright infringement claim. Plaintiff has not alleged a valid copyright infringement claim. "To establish copyright infringement, a plaintiff must prove two elements: '(1) ownership of a valid copyright, and (2)

3

copying of constituent elements of the work that are original.'" L.A. Printex Indus., Inc. v. Aeropostale, Inc., 676 F.3d 841, 846 (9th Cir. 2012) (quoting Feist Publications, Inc. v. Rural Tel. Serv. Co., 499 U.S. 340, 361 (1991)). Regarding the first element, a plaintiff cannot maintain an infringement action until it has registered its work with the Copyright Office. 17 U.S.C. § 411(a) ("[N]o civil action for infringement of the copyright in any United States work shall be instituted until preregistration or registration of the copyright claim has been made in accordance with this title."); see Unicolors, Inc. v. Urban Outfitters, Inc., 853 F.3d 980, 984 (9th Cir. 2017) (stating that plaintiff was "required to show registration as an element of an infringement claim"). Copyright protection is available for "original works of authorship fixed in any tangible medium of expression," such as literary, musical, dramatic, and graphic works. 17 U.S.C. § 102(a). Copyright protection is limited, however, such that it does not "extend to any idea, procedure, process, system, method of operation, concept, principle, or discovery, regardless of the form in which it is described, explained, illustrated, or embodied in such work." 17 U.S.C. § 102(b). Copyright protection is "given only to the expression of the idea—not the idea itself." Mazer v. Stein, 347 U.S. 201, 217 (1954).

In her complaint, plaintiff fails to identify any copyrightable material. She repeatedly asserts that defendants improperly used her concepts, ideas, and words. However, copyright protection does not cover such intangibles, 17 U.S.C. § 102(b), and the complaint does not identify any tangible work or expression containing those ideas. Moreover, even assuming plaintiff had alleged some copyrightable material, she does not assert that she has registered the copyright to it or tried to register it and been refused. See Unicolors, Inc., 853 F.3d at 984. Thus, the allegations of the complaint do not satisfy the first element of a copyright infringement claim.

As to plaintiff's claims of discrimination and civil rights violations, plaintiff fails to state a claim upon which relief can be granted. Though plaintiff fails to identify any legal basis for her discrimination claim, it appears to be brought under 42 U.S.C. § 1981 which provides, in pertinent part, that "[a]ll persons...shall have the same right...to make and enforce contracts...as is enjoyed by white citizens." "[T]o establish a § 1981 claim, the plaintiff must prove intentional or purposeful discrimination." DeHorney v. Bank of Am. Nat'l Trust & Sav. Ass'n, 879 F.2d 459,

467 (9th Cir. 1989); General Bldg. Contractors Ass'n v. Pennsylvania, 458 U.S. 375, 391 (1982) ("§ 1981...can only be violated by purposeful discrimination."). Generally, there are three elements that must be pled to state a claim under § 1981: "(1) the plaintiff is a member of a racial minority; (2) an intent to discriminate on the basis of race by the defendant; and (3) the discrimination concerns one or more of the activities enumerated in the statute." Keum v. Virgin America Inc., 781 F. Supp. 2d 944, 954 (N.D. Cal. 2011). This section, unlike some other civil rights statutes, prohibits discrimination by both governmental and non-governmental actors. See 42 U.S.C. § 1981(c). Plaintiff does not allege facts to show defendants' intent to discriminate. Plaintiff's only supporting fact for her discrimination claim is that when a "brown kid" pitched an idea similar to that of a "white kid," the "white kid" was supported and the "brown kid" was not. ECF No. 1 at 5, 8. This allegation is not sufficient to state a claim.

In addition, the complaint falls short of the Rule 8(a) pleading requirements in that it does not contain a sufficient statement of the claim showing plaintiff's entitlement to relief. See Fed. R. Civ. P. 8(a)(2). The complaint is disjointed and difficult to comprehend, and does not clearly state a series of facts giving rise to any legal claim.

## II. AMENDING THE COMPLAINT

A pro se litigant is entitled to notice of the deficiencies in the complaint and an opportunity to amend, unless the complaint's deficiencies could not be cured by amendment. See Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir. 1987), superseded on other grounds by statute as stated in Lopez v. Smith, 203 F.3d 1122 (9th Cir.2000)) (en banc). Though this is plaintiff's first complaint in this case, it is effectively plaintiff's third attempt at amendment, as the complaint is substantially similar to, and arises from the same set of facts as, the complaint that was dismissed for failure to prosecute in Rigor I. Although plaintiff was provided information in the Rigor I screening orders about the legal standards for stating a claim,[1] the instant complaint has not cured the problems there identified. Indeed, the instant complaint comes no closer to passing screening than the two complaints filed in Rigor I. Accordingly, the undersigned concludes that there are

---
[1] See Rigor I, 2:19-cv-00633, ECF Nos. 3 and 6.

not additional facts plaintiff can plead that would support a cognizable claim. Finding that further amendment under such circumstances would be futile, the court cannot recommend amendment here.

## III. PRO SE PLAINTIFF'S SUMMARY

Because the complaint does not contain clear factual allegations identifying a legal harm that was done to you, does not allege facts supporting the necessary components of a copyright infringement claim, does not establish that you own any protectable intellectual property, and does not state the necessary facts to support a discrimination claim, the complaint will not be served on defendants. The complaints you filed in your previous case had the same problems. In that case you were given two chances to amend, with instructions about what was necessary to state a claim. The undersigned concludes that further amendment would be futile, and recommends that this case be dismissed.

## IV. CONCLUSION

In accordance with the above, IT IS HEREBY ORDERED that plaintiff's application to proceed in forma pauperis (ECF No. 2), is GRANTED;

Further, IT IS HEREBY RECOMMENDED that all claims against all defendants should be DISMISSED with prejudice and the case closed.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty-one days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any response to the objections shall be served and filed within fourteen days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: March 18, 2020

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE