UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SORAYA MARIA RIGOR,<br><br>       Plaintiff,<br><br>   v.<br><br>CALIFORNIA STATE UNIVERSITY SACRAMENTO and DALE CARLSEN,<br><br>       Defendants. | No.  2:20-cv-00394-JAM-AC<br><br>**ORDER CERTIFYING PLAINTIFF'S CLAIMS AS FRIVOLOUS AND REVOKING HER IN FORMA PAUPERIS STATUS** |

In February 2020, Rigor filed suit against California State University Sacramento ("CSUS") and Dale Carlsen for "infringement of ideas of [the CSUS] student body" and discrimination. Compl., ECF No. 1.  The allegations in this case mirror those in a suit she filed a year earlier.  See Rigor v. California State University of Sacramento, et al., 2:19-cv-00633 KJM AC ("Rigor I").  Both cases stem from events surrounding CSUS's "Global Entrepreneurship Week 2018." Rigor I at ECF No. 12 at 5; Compl. at 7.  In Rigor I, the magistrate judge granted Rigor leave to proceed IFP in and screened her complaint.  The Court identified deficiencies in Rigor's allegations and, twice, granted her leave to amend.  Rigor I at ECF Nos. 3 and 6.  After Rigor failed to timely file a second amended complaint, the Court dismissed her case without prejudice for failure to prosecute.  Rigor I at ECF

1

Nos. 10, 11.

Rigor filed this suit, Rigor II, shortly after. The Court, again, found the complaint failed to state any cognizable claims. ECF Nos. 3, 5. Concluding Rigor could not cure these deficiencies, the Court dismissed her suit with prejudice. Id. Rigor appealed. ECF No. 7. Now tasked with the question of whether Rigor may retain her in forma pauperis status for her appeal, ECF No. 10, the Court finds she may not.

## I.  OPINION

An appellant may not proceed with her appeal in forma pauperis if the trial court certifies in writing that the appeal is frivolous or not taken in good faith. 28 U.S.C. § 1915(a)(3); see also Hooker v. American Airlines, 302 F.3d 1091, 1092 (9th Cir. 2002). "[A] complaint . . . is frivolous where it lacks an arguable basis either in law or in fact." Nietzke v. Williams, 490 U.S. 319, 325 (1989). Notably, "the failure-to-state-a-claim standard of Rule 12(b)(6) and the frivolousness standard . . . were devised to serve distinctive goals." Id. at 326. So, "while the overlap between these two standards is considerable, it does not follow that a complaint which falls afoul of the former standard will invariably fall afoul of the latter." Id.

Here, however, the Court finds the reasons that counseled dismissal of Rigor's claims likewise compel the finding that her claims are frivolous. See March 18, 2020 Findings and Recommendations at 3-6. Rigor's complaint does not, and cannot, set forth allegations that would give rise to cognizable discrimination or copyright infringement claims. Her

discrimination claim purports to allege discrimination on behalf of other, unnamed, CSUS students. Compl. at 5. And her copyright infringement claim seeks redress for an injury that copyright law does not cover. Id.; see also 17 U.S.C. § 102(b) ("In no case does copyright protection for an original work of authorship extend to any idea, procedure, process, system, method of operation, concept, principle, or discovery.") Because Rigor's claims "lack[] even an arguable basis in law," Neitzke, 490 U.S. at 328, the Court certifies them as frivolous.

## II.  ORDER

For the reasons set forth above, the Court CERTIFIES Rigor's claims as frivolous and REVOKES Rigor's in forma pauperis status.

IT IS SO ORDERED.

Dated: June 8, 2020

_____
JOHN A. MENDEZ,
UNITED STATES DISTRICT JUDGE